Aubrey W. Fountain, II, et al.

v.

First Virginia Bank-Colonial

October 25, 1985

Case No. N-1820-3

By JUDGE WILLARD I. WALKER

This matter is before the court on a declaratory judgment brought by the plaintiffs to establish their legal rights and the status of their property with reference to a claim of the defendant, First Virginia Bank-Colonial, against the plaintiffs as accommodation makers on a certain obligation, and further to enjoin the defendant bank from enforcing a deed of trust which the defendant has upon the properties of the plaintiffs.

The issues in this case are whether or not there was adequate consideration flowing between the defendant bank and the plaintiffs to support the note obligation signed by them and secured by the deed of trust on their properties, and whether or not the discharge in bankruptcy of the principal debtor, Dr. Lankford, operates to take away the bank's right to rely upon the deed of trust on the property of plaintiffs as collateral.

Considerable evidence was heard ore tenus by the court. In a summary fashion, the evidence establishes the following facts. The brother of plaintiff Jean Fountain and Marguarite Cowans, Robert G. Lankford (Lankford) needed a loan from defendant First Virginia Bank-Colonial (Bank). Bank would not loan the money to Lankford without additional collateral and required that a financial statement, and other documents, including a note, be executed by Lankford's sisters and their husbands as accomodation makers, and that a deed of trust be given by the Fountains

and the Cowans upon their properties to answer for the monies to be loaned by Bank. These matters were accomplished, the notes and other documents were duly and properly executed, the plaintiffs at all times knew exactly what they were doing, to wit: pledging their property and themselves as guarantors or accommodation makers, behind the principal obligation of their brother/brother-in-law, Lankford, for monies loaned to Lankford by Bank. Lankford defaulted on the loan and subsequently bankrupted the obligation. Plaintiffs are now faced with the distinct possibility of foreclosure proceedings by Bank on the property.

For the reasons adequately set forth in the memorandum of counsel for defendant, I conclude there is ample and full consideration for the obligation undertaken by plaintiffs. The fact recitation above makes it obvious, and the case law fully supports, that this type of obligation is based on good and valuable consideration. I also conclude that discharge of Lankford in bankruptcy does not impair in any way the collateral of the bank with respect to the obligation of plaintiffs and the deeds of trust on their respective properties.

Consequently, the courts declaration as to the rights of the plaintiffs is contrary to the prayer of their bill of complaint; that is, that the court cannot declare the lien of the bank which clouds their realty is of no effect, and, of course, an injunction will not issue to enjoin defendant from enforcing the deeds of trust they hold on the properties.